B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Frankie J Goad & Danette E. Goad | **DEFENDANTS** Ocwen Loan Servicing, LLC, A Florida Enitity, Successor in interest to Homeq Servicing |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Philip A. Hurtt, Branch & Hurtt Law firm 1525 SW 89th St Oklahoma City OK 73159 (405)634-7600 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE 6-16-11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Philip A. Hurtt | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: Frankie J. Goad and Danette E. Goad | ) ) ) | Case No.   BK-05-28420-NLJ |
| Debtors. | ) ) | Chapter 13 |
| Frankie J. Goad and Danette E. Goad | ) ) ) | |
| Plaintiff, | ) ) | Adversary Proceeding No._____ |
| vs. | ) ) | |
| Ocwen Loan Servicing. LLC, A Florida Entity, Successor in interest to HOMEQ SERVICING, | ) ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGEMENT
AND VIOLATION OF 11 U.S.C. §524(a)(2)**

COMES NOW Frankie and Danette Goad, as Plaintiffs and the debtors herein, for their cause of actions against the defendant, Ocwen Loan Servicing LLC ("Ocwen"), the first mortgage holder on debtor's home, and alleges the following:

### ALLEGATIONS

**VENUE AND JURISDICTION**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157.

2. At all times herein mentioned, Plaintiffs were and now are individuals residing in the State of Oklahoma.

3. Ocwen is a successor in interest to Home Eq, the first mortgage holder.

-1-

4.  This Adversary proceeding is brought pursuant to Rule 7001 Fed.R.Bankr.P.

## FACTS

5.  The Debtors filed a petition under Chapter 13 of the Bankruptcy Code on October 14, 2005.

6.  The Chapter 13 Plan was confirmed on December 6, 2005, with Plan Payments of $1,535.73 per month for a term of 58 months.

7.  That the first (1st) mortgage with Home Eq Servicing Corporation was included in the Chapter 13 Plan to be paid to the Chapter 13 Trustee.

8.  The Home Eq Servicing Corporation filed a Proof of Claim (Claim #7) on January 10, 2006 in the amount of $81,098.74 with payments of $702.40 per month including arrearage in the amount of $702.40 at 6.550% interest. *(See Exhibit #1)*.

9.  The BAC Home Loan Servicing file a Proof of Claim (Claim # 5) on December 12, 2005 in the amount of $20,095.51 with payments of $205.41 per month which were also included in the Chapter 13 Plan to be paid by the Chapter 13 Trustee as the second (2nd) mortgage with no arrearage claim. *(See Exhibit #2)*.

10. The Debtors successfully completed the Chapter 13 Plan and were discharged on November 10, 2010. *(See Exhibit #8)*

11. That according to the Chapter 13 Standing Trustee's Final Report and Account the Chapter 13 Trustee paid a total of $44,397.78 to Home Eq Servicing Corporation while the debtors were in the Chapter 13 Bankruptcy with the $702.40 arrearage claimed as an unsecured and was not paid. ( *See Exhibit #3 and Exhibit #3A)*

12. The Debtors received a letter from Ocwen Loan Servicing, LLC on December 27, 2010 stating that the loan was transferred to Ocwen Loan Servicing, LLC on September 1, 2010 with the loan for the June 2010 payment. (*See Exhibit #4*)

13. The June 2010 mortgage payment was paid by the Chapter 13 Trustee due to the fact that the debtors did not discharge their bankruptcy until November 10, 2010.

14. The Debtors have provided a payment history from Home Eq Servicing that clearly shows that a June 2010 payment was received. (*See Exhibit #5*)

15. The Debtors received a letter from the Chapter 13 Trustee on July 27, 2010 stating that the Chapter 13 Trustee would make the final payment to Home Eq Servicing Corporation with the August 2010 payment and the Debtors would be responsible for making the September 2010 payment to Ocwen Loan Servicing, LLC and thereafter.(*See Exhibit #6*)

16. The Debtors were never behind on their mortgage payment either pre-petition or post-petition and that each and every payment has been made.

17. In its letter dated March 5, 2011 Ocwen States that the Debtors owe $3,174.19 in previous prior service fees, expenses outstanding and late fees.(*See Exhibit #7*)

### 1st CAUSE OF ACTION

18. Title 11 U.S.C. §1327 provides, in pertinent part, "(a) That provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan....."

19. Ocwen, and its predecessor, are bound by the terms of the confirmed plan and therefore a declaratory judgement should be entered Accordingly.

## 2ND CAUSE OF ACTION

20. Title 11 U.S.C. § 524(a) provides in pertinent part, "A discharge in a case under this title....(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or and act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived....."

21. Because Ocwen has attempted to collect payment of a debt treated in Debtors' confirmed Chapter 13 Plan, Debtors should be awarded attorney fees in the amount of $5,000 as a sanction against Ocwen for its alleged violation of 11 U.S.C.§524 (a). (*See Exhibit #9*)

WHEREFORE Debtors pray that this Court enter a declaratory judgement set-forth above and that it issue a sanction against the defendant Ocwen and for any other relief this Court deems just and equitable.

Respectfully submitted,

Philip A. Hurtt, OBA #16244
Branch & Hurtt Law Firm, P.C.
1525 SW 89th Street
Oklahoma City, OK 73159
Telephone: (405) 634-7600
Facsimile: (405) 634-9306